# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TYLER ADAM THOMAS,**
**# 39362,**

    **Plaintiff,**

**vs.**                                                            **Case No. 4:21cv306-MW-MAF**

**OTSUKA PHARMACUTICAL CO.,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner incarcerated in the Clallam County Correctional Facility in Port Angeles, Washington, initiated this case on July 20, 2021, by submitting a hand-written complaint, ECF No. 1, and a hand-written motion requesting leave to proceed with in forma pauperis status, ECF No. 2. Ruling was deferred on Plaintiff's in forma pauperis motion until Plaintiff provided the information required by 28 U.S.C. § 1915(a)(2) to support the motion. ECF No. 3. Plaintiff was given until August 24, 2021, in which to either pay the filing fee for this case or file the supplemental

Page 2 of 4

information as explained in the prior Order, ECF No. 3.  As of this date, nothing further has been received from Plaintiff.

Additionally, as a courtesy to Plaintiff, his complaint, ECF No. 1, was also been reviewed.  The Order noted that his complaint was insufficient as filed.  See ECF No. 3.  Plaintiff presented only conclusory allegations unsupported by facts and he failed to demonstrate that venue was appropriate in the Northern District of Florida.[1]  Thus, Plaintiff was advised to consider whether this case should be transferred or voluntarily dismissed and re-filed in an appropriate court.  ECF No. 3.  No response to that Order has been filed, despite the warning to Plaintiff that a recommendation would be made to dismiss this case if he did not comply by the deadline provided.  Id.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The

---

[1] Plaintiff also indicates that this Court "has decided its multidistrict litigation case [sic] to be filed in the Northern District of Florida."  ECF No. 1 at 2.  However, Plaintiff has not identified any such case, nor is the Court aware of such an action involving the Defendants named in Plaintiff's complaint.

Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Here, Plaintiff was forewarned, but has not responded to the prior Order. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 31, 2021.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**